7954. NATIONAL BISCUIT COMPANY v. FUTRELL.

GEORGE, J. 1. A petition by a minor alleged: that on March 5, 1915, he was employed by the defendant company in the capacity of delivery-wagon driver; that it was his duty to drive a wagon and horse of the defendant and deliver goods of the defendant in the City of Macon; that it was the duty of the defendant to furnish him with a wrench with which he could keep the nuts on the ends of the axle spindles tight and thereby prevent them from getting loose and coming off; that under the rules of the defendant its officers were charged with the duty of furnishing each wagon driver with such a wrench; that the nuts would come off and allow the wheels of the wagon to come off, and this was well known to the officers and agents of the defendant company, but unknown to plaintiff, and the danger of driving the wagon without having the nuts tightened was not apparent to him; that he often requested the officers and agents of the defendant to furnish him with the wrench, but they failed to furnish it, and on the contrary stated to him that the wheels of the wagon would not come off, that it was safe for him to drive the wagon and to go on with his work, and that they would give him a wrench to tighten the nuts in time, and that he would not be injured in driving the wagon until

they could obtain the wrench; that the officers and agents making these promises and assurances were the alter ego of the defendant, and that the plaintiff relied upon the promises and assurances of the defendant and continued to operate the wagon, believing that he would not be injured or damaged thereby; that on the date named, while in the discharge of his duty in the City of Macon, a wheel of the wagon came suddenly off, and he was thrown violently to the pavement and sustained certain injuries set forth in his petition; and that he was in the exercise of ordinary care and diligence and could not have avoided the consequences to him caused by the negligence of the defendant, which is specified as follows: (a) in failing to furnish him with a wrench with which to tighten the nuts; (b) assuring him that he would be furnished with such a wrench, and that he would not be injured by driving the wagon without having the nuts tightened; (c) furnishing him with a wagon to drive which was not reasonably safe and so defective as to injure him while he was at work with it in an ordinarily careful and prudent manner. *Held:* The petition set forth a cause of action. It can not be held, as matter of law, that the negligence alleged was not the proximate cause of the injury, or that the plaintiff's injury was due to his own negligence, or that he assumed the risk due to continued use of the wagon, or that the consequences of the defendant's negligence could have been avoided by the exercise of ordinary care on the part of the plaintiff. The grounds of special demurrer are without merit. *Moore* v. *Dublin Cotton Mills,* 127 *Ga.* 609, 616 (56 S. E. 839, 10 L. R. A. (N. S.) 772); *Mitchell* v. *Schofield's Sons Co.,* 19 *Ga. App.* 201 (91 S. E. 275)ˈ, and cases there cited.

2. The employee is deemed to accept the risk ordinarily incident to his employment, notwithstanding the promise of the employer to furnish a necessary tool, where the danger is great, obvious, or immediate,— such as a reasonably prudent man would not encounter. The court did not err in overruling the demurrer to the petition.

　　　　　*Judgment affirmed. Wade, C. J., and Luke, J., concur.*
　　　　　DECIDED APRIL 5, 1917.

Action for damages; from city court of Macon—Judge Guerry. October 11, 1916.

*Richard Curd, Hardeman, Jones, Park & Johnston,* for plaintiff in error. *Walter Defore, J. C. Estes,* contra.